**Benito Cruz CAMACHO, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 15-73005

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

Filed November 22, 2017

Haitham Edward Ballout, Esquire, Attorney, Law Offices of Haitham E. Ballout, Burlingame, CA, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Jesse David Lorenz, Esquire, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Divi-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Cruz Camacho's request for oral argument, set forth in his opening brief, is denied.

sion/Office of Immigration Litigation, Washington, DC, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Benito Cruz Camacho, a native and citizen of Mexico, petitions for review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture and thus is not entitled to relief from his reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Cruz Camacho failed to establish a reasonable possibility of future persecution in Mexico on account of a protected ground. *See Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir. 1998) (no nexus to a protected ground where the evidence "at most shows that [petitioners] had been the victim of criminal activity"); *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group" (emphasis in original)).

Substantial evidence also supports the conclusion that Cruz Camacho failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the Mexican government. *See Andrade-Garcia*, 828 F.3d at 836-37.

We reject Cruz Camacho's contentions that the IJ failed to provide a reasoned

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

---

explanation for his decision or otherwise erred in his analysis.

**PETITION FOR REVIEW DENIED.**